UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEANNE E. CALDWELL,

    Plaintiff,

    v.

ROY L. CALDWELL, PH.D., et al.,

    Defendants.

_____/

No. C 05-4166 PJH

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND VACATING HEARING DATE**

Before this court is the federal defendants' motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted. Having carefully read the parties' papers and considered the relevant legal authority, the court hereby GRANTS the motion to dismiss for the reasons that follow.[1]

## BACKGROUND

**A.    Facts**

Plaintiff is the mother of three and a resident of Placer County, California. Two of her children currently attend public school in Placer County. On October 14, 2005, plaintiff filed the instant complaint against defendants Roy Caldwell and David Lindberg (the "state defendants") and the National Science Foundation ("NSF") and its officials (the "federal defendants"), in which she takes issue with a website published by the University of

---

[1] The court finds this motion appropriate for decision without oral argument as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78. See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), cert. denied, 503 U.S. 920 (1992). Accordingly, the March 22, 2006 hearing date is hereby VACATED.

California, **http://evolution.berkeley.edu** (the "Understanding Evolution" website).[2] The website, which plaintiff alleges was made possible through a federal grant provided by the NSF in the amount of $523,261, is part of a larger website maintained by the UC Berkeley Museum of Paleontology. See Complaint for Declaratory and Injunctive Relief and Nominal Damages for Violation of the Establishment Clause of the First Amendment to the United States Constitution ("Complaint"), ¶ 18. Its purpose is to educate teachers and the general public about the science and history of evolutionary biology. See Opening Br. at 1:14-18.

Plaintiff alleges that the Understanding Evolution website contains certain web pages that operate to impermissibly endorse, advance and proselytize certain religious beliefs. In particular, plaintiff alleges that the website pages endorse the following: (1) the religious doctrine that religion and religious beliefs are limited to the spiritual and supernatural world; (2) the religious doctrine that the theory of evolution is not in conflict with properly understood Christian or Jewish religious beliefs; (3) content contained on a link from the website to the National Center for Science Education ("NCSE"), which contains seventeen doctrinal statements on the theory of evolution in support of the website's theory that evolution is not in conflict with many Christian and Jewish religions; and (4) the religious beliefs and religious viewpoints advocated by the NCSE, including the seventeen statements just referenced. See Complaint, ¶ 24.

As a result of this endorsement, plaintiff alleges that the government violates the First Amendment Establishment Clause by setting up a preference for certain religious groups over others – i.e., for those groups who are not in conflict with evolution over those who are. See id. at ¶ 29. Plaintiff asserts this violation has caused her to suffer injury, because she is "offended" when she views the website, and made to feel like an "outsider." Id. at ¶ 26.

---

[2] Defendants, for the purposes of the instant motion, are the National Science Foundation ("NSF"), a federal agency, and relevant NSF officials ("federal defendants").

2

**B.     Procedural History**

On February 8, 2006, the state defendants moved to dismiss plaintiff's complaint in its entirety, arguing that plaintiff lacks standing, and that her allegations cannot state an Establishment Clause claim on the merits in any event. On March 13, 2006, the court granted the state defendants' motion to dismiss for lack of standing with prejudice, and in view of that holding, declined to address the viability of plaintiff's Establishment Clause claim.

The federal defendants now move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). In support thereof, the federal defendants reiterate the same arguments raised by the state defendants in their prior motion: first, that plaintiff lacks standing. Second, that in the event standing is found, plaintiff's Establishment Clause claim fails on the merits.[3]

## DISCUSSION

**A.     Legal Standards**

The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists over the complaint when challenged under Fed. R. Civ. P. 12(b)(1). See, e.g., Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001). Plaintiff also bears the burden of demonstrating that she has standing to pursue the claims alleged in the complaint. See United States v. Hays, 515 U.S. 737, 743 (1995) (burden on plaintiff "clearly to allege facts demonstrating that [plaintiff] is a proper party to invoke judicial resolution of the dispute"). Here, since the defendants challenge subject matter jurisdiction

---

[3] The federal defendants have also filed a request for judicial notice, in which they request that the court judicially notice two sets of webpages at issue. The first consists of an overview and site description for the Understanding Evolution website. See Federal Defendants' Request for Judicial Notice, Ex. A. The second consists of a description of the National Center for Science Education's mission, along with the "voices for evolution" webpage (sponsored by the NCSE) which plaintiff refers to in Exhibit 2 to her complaint. See id. at Ex. B. Unlike a similar request made by the state defendants, the federal defendants here actually provide the court with the webpages they seek to have the court take judicial notice of, as well as proper Ninth Circuit authority. Accordingly, the federal defendants' request for judicial notice is GRANTED.

3

on the face of the complaint, all allegations of the complaint are taken as true and all disputed issues of fact are resolved in favor of the non-moving party. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1990).

Dismissal under Fed. R. Civ. P. 12(b)(6), by comparison, is warranted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. See, e.g., Broam v. Brogan, 320 F.3d 1023, 1033 (9th Cir. 2003) (citations omitted). In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted).

### B.  Standing

To satisfy constitutional standing requirements, a plaintiff must prove that "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992); Schmier v. U.S. Ct. of App. for Ninth Cir., 279 F.3d 817, 820-21 (9th Cir. 2002). In addition to these constitutional requirements, certain "prudential rules" have been crafted, which prohibit federal courts from being forums for hearing generalized grievances by taxpayers, and which allow for standing to be premised on a plaintiff's status as state or federal taxpayer only if certain requirements are met. See Bell v. City of Kellogg, 922 F.2d 1418, 1422 (9th Cir. 1991).

As the state defendants argued in their earlier motion, the federal defendants here assert that plaintiff has no standing because (1) plaintiff fails to allege federal taxpayer standing; and (2) plaintiff fails to allege cognizable injury in fact. As explained below, the federal defendants prevail on both arguments, for the same reasons as did the state

4

1  defendants.[4]

### 1. Federal Taxpayer Standing

The requirements for federal taxpayer standing are two-fold: first, the plaintiff taxpayer must establish a logical link between taxpayer status and the type of legislative enactment attacked. Second, the plaintiff taxpayer must establish a nexus between taxpayer status and the precise nature of the constitutional infringement alleged. See, e.g., Flast v. Cohen, 392 US 83, 102-03 (1968); Bell, 922 F.2d at 1422. Under this two-pronged test, plaintiff may allege only the unconstitutionality of exercises of congressional power under the taxing and spending clause – it is not sufficient to allege an incidental expenditure of tax funds in the administration of an essentially regulatory statute. See Flast, 392 U.S. at 102. The plaintiff must also show that the challenged enactment exceeds specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power. Id.

Plaintiff fails on both counts here. First, as the court stated in its prior order, plaintiff nowhere alleges any type of qualifying "legislative enactment" or congressional act. Plaintiff alleges only that the Understanding Evolution website was funded in part by a $523,261 grant from the National Science Foundation ("NSF"), a federal entity. See Complaint at ¶¶ 14, 18. Plaintiff does not allege that the grant resulted from any type of direct congressional action. Nor could she, since as the federal defendants' supporting declaration makes clear, the NSF grant was administered by NSF personnel in response to a solicitation process that was independent of any congressional action, and which has no direct link to the general appropriations that Congress makes to the various NSF directorates. See Declaration of David Campbell, Ph.D. ("Campbell Decl."), ¶ 8. In sum,

---

[4] The federal defendants prevail on their arguments for the additional reason that plaintiff failed to submit a proper opposition to defendants' motion to dismiss. Not only did plaintiff file her opposition more than one week late, plaintiff's opposition fails to address the substance of any argument made by the federal defendants, stating instead in summary fashion that plaintiff intends to file an amended complaint curing all deficiencies. As such, the court finds that the plaintiff's untimely opposition constitutes a statement of non-opposition to plaintiff's motion.

5

plaintiff's allegations amount to no more than a complaint against the NSF's administrative decision to partially fund the Understanding Evolution website, and not – as required – to a complaint against direct congressional action under the taxing and spending clause.

Second, the "nexus" between plaintiff's taxpayer status and the nature of the alleged constitutional infringement is missing. As the federal defendants point out in their opening brief, plaintiff does not allege any congressional involvement in the NSF's decision to provide partial funding for the Understanding Evolution website, or that the NSF merely acts as a vehicle to carry out Congress' orders and directives. See Opening Br. at 11:9-13.

As the court stated in its prior order, these facts beg the same result as the holding in Fordyce v. Frohnmayer, 763 F. Supp. 654 (D. D.C. 1991). In Fordyce, the court rejected plaintiff's federal taxpayer standing claim because plaintiff alleged only that a grant and sponsorship from the National Endowment for the Arts violated the Establishment Clause. The court specifically found that the required "nexus" for federal taxpayer standing was missing because plaintiff was not alleging direct congressional involvement in the NEA's decision to partially fund the exhibition in question, and plaintiff's allegations amounted to no more than a challenge to a decision made solely by an agency of an executive branch. See 763 F. Supp. at 657.

Accordingly, as it held with respect to the state defendants, the court holds that plaintiff has failed to allege federal taxpayer standing, and plaintiff's complaint cannot be supported on this ground.

### 2. Injury In Fact Standing

Article III standing requires that plaintiff plead a concrete "injury in fact" – i.e., some actual or threatened injury as a result of the purportedly illegal conduct of defendant. See Valley Forge Christian College v. Am. United for Separation of Church & State, 454 U.S. 464, 472 (1982). The federal defendants argue that plaintiff's allegations constitute no more than the generalized grievances of a mere "interested bystander," and that under Valley Forge, standing is therefore lacking.

The federal defendants are correct. In Valley Forge, plaintiffs challenged a congressional act that allowed for the transfer of used government property to non profit, tax-exempt educational institutions, including religious based institutions. The Supreme Court used the case to set forth an exhaustive discussion on standing requirements in the Establishment Clause context, and specifically addressed the "injury in fact" requirement. In determining that no standing existed where plaintiffs alleged "the deprivation of the fair and constitutional use of their tax dollar," the Valley Forge court reiterated its prohibition on standing claims that are predicated on "the right, possessed by every citizen, to require that the government be administered according to law...". See 454 U.S. at 482-83. The court then went on to state: "Although respondents claim that the Constitution has been violated, they claim nothing else. They fail to identify any personal injury suffered by them *as a consequence* of the alleged constitutional error, other than the psychological consequence presumably produced by observation of conduct with which one disagrees. That is not an injury sufficient to confer standing ... even though the disagreement is phrased in constitutional terms." See id. at 485-86. The court simultaneously reiterated that standing may nonetheless be based on noneconomic injury. Id.

Here, as the court stated in its prior order on the state defendants' motion to dismiss, plaintiff's allegations that she was "offended" by the website at issue and made to feel like an "outsider," fall directly within Valley Forge's prohibition on standing where a plaintiff alleges only a "psychological consequence" produced "by observation of conduct with which one disagrees." See Complaint at ¶ 26. As such, plaintiff's allegations state only a generalized grievance against defendants, and are insufficient to confer injury in fact.

The court also finds that no injury in fact standing is present for all the reasons set forth in its prior order of March 13, 2006, and it hereby incorporates that order by reference.

Accordingly, in view of the fact that each of plaintiff's arguments in favor of standing fails, the court GRANTS the federal defendants' motion to dismiss plaintiff's complaint on the grounds that plaintiff lacks standing.

### C. Establishment Clause Claim

As the court indicated in its prior order, in view of its finding that plaintiff lacks standing, the court need not, and does not, reach the merits of the Establishment Clause claim.

### D. Conclusion

For the above reasons, the court GRANTS the federal defendants' motion to dismiss, with prejudice, for lack of plaintiff's standing. The court notes that plaintiff has essentially had three opportunities – first with the state defendants, then in a later filed administrative motion requesting clarification of the court's prior order, and now in opposition to the federal defendants' motion – to articulate which additional facts she would or could add to her complaint in order to bolster her standing arguments. Yet all that plaintiff has articulated, as set forth most concretely in plaintiff's administrative motion, are the addition of two allegations stating (1) that defendants' website is aimed at the general public; and (2) that defendants have "expressly invited members of the general public to visit and use the website." See Motion for Admin. Relief Regarding Clarification of Court's March 13, 2006 Order at 2:9-10. As the court sets forth in its Order on Administrative Motion and Granting Clarification (filed concurrently herewith), these proposed allegations do not support federal taxpayer standing. Therefore, any proposed amendment would be futile, and the court's dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated: March 20, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge