United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEANNE E. CALDWELL,

    Plaintiff,

    v.

ROY L. CALDWELL, PH.D., et al.,

    Defendants.

_____/

No. C 05-4166 PJH

**ORDER ON ADMINISTRATIVE MOTION AND GRANTING CLARIFICATION**

    Before the court is plaintiff's Motion for Administrative Relief Regarding Clarification of Court's March 13, 2006 Order Granting the UC Defendants' Motion to Dismiss and Motion to Strike. In it, plaintiff claims that one of her attorneys made an oral motion for leave to file an amended complaint during the February 8, 2006 hearing on defendants' motion to dismiss and motion to strike, and plaintiff now seeks an order from the court clarifying its March 13, 2006 order to include an express ruling on plaintiff's oral motion. The UC Defendants oppose the request.

    Preliminarily, the court notes that while it recalls that plaintiff's counsel made the suggestion during oral argument that plaintiff's complaint could be amended to include additional allegations, the court does not consider that such suggestion – which did not expressly address the grounds warranting leave to amend – amounts to a formal motion. Generally speaking, a motion must be in writing and comply with the Northern District's local rules, as codified in Civ. L. R. 7-1 and 7-2.

    Moreover, as plaintiff's administrative motion points out, plaintiff made her oral motion to amend "in the event the court decided to grant defendants' motion to dismiss." See Admin. Mot. at 2:11. In granting the UC defendants' motion to dismiss plaintiff's

1  complaint "with prejudice," the court necessarily contemplated the merits of any possible
2  amendment, and deemed such amendment to be futile, implicitly denying any oral request
3  for leave to amend that plaintiff may have made.  Nonetheless, plaintiff now having set forth
4  the issue in writing, the court has once more considered plaintiff's request for leave to
5  amend.  For the reasons that follow, the court remains persuaded that any proposed
6  amendment would be futile, and DENIES plaintiff's request.

7        The decision to grant or deny leave to amend is committed to the discretion of the
8  trial court.  See Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996).
9  Ordinarily, the court adheres to a liberal policy regarding amendment.  However, where
10 amendment would be futile, untimely, would cause undue prejudice to the defendants, or is
11 sought by plaintiffs in bad faith, leave to amend may be denied.  See, e.g., DCD Programs,
12 Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987); Foman v. Davis, 371 U.S. 178, 182
13 (1962).

14       Here, plaintiff has identified two additional allegations that would allegedly cure any
15 deficiencies in her complaint if included in an amended complaint: (1) that defendants'
16 website is aimed at the general public; and (2) that defendants have "expressly invited
17 members of the general public to visit and use the website."  See Admin. Mot. at 2:9-10.

18       These allegations cannot save plaintiff's complaint.  While they may have some
19 bearing on plaintiff's Establishment Clause claim, they have no bearing on whether plaintiff
20 has sufficiently alleged either taxpayer standing, or a cognizable injury in fact.  Moreover,
21 as the UC defendants admit, the Understanding Evolution website was always "open to the
22 public," and contains material expressly aimed at the general public.  Since the court's
23 decision was based on this understanding, it is difficult to see how plaintiff's "new"
24 allegations add anything to her complaint.  Furthermore, as the court's prior order made
25 clear, defendants' motion to dismiss was granted on standing grounds, and the court did
26 not reach plaintiff's Establishment Clause claim.

27       Accordingly, plaintiff can only avoid dismissal if she first adequately pleads standing.
28

Since the above allegations have no bearing on the standing issue, they are insufficient to cure the deficiencies in plaintiff's complaint.  And since plaintiff is unable to point to any other allegations that might save her complaint, the court now expressly affirms what was implicitly held in its prior order: plaintiff's motion for leave to amend was DENIED, and the dismissal of plaintiff's complaint is with prejudice.

**IT IS SO ORDERED.**

Dated: March 20, 2006

PHYLLIS J. HAMILTON
United States District Judge